HENDEE v PUTNAM TOWNSHIP, Nos. 137446 and 137447. The parties shall include among the issues to be briefed: (1) whether a rule of finality or ripeness applies to the plaintiffs' exclusionary zoning claim, see *Paragon Props Co v City of Novi*, 452 Mich 568, 576 (1996); *Warth v Seldin*, 422 US 490, 508 n 18 (1975) ("[U]sually the focus should be on a particular project."); (2) if so, whether the Court of Appeals majority properly held that the defendant township's previous denials of the plaintiffs' applications to rezone their property for less intensive uses excused the finality requirement under the futility doctrine; (3) whether the trial court erred in granting injunctive relief prohibiting the defendant township from interfering with the plaintiffs' proposed use of their property for a manufactured housing community when the plaintiffs had never proposed that use to the township, see *Schwartz v City of Flint*, 426 Mich 295, 327-328 (1986); (4) whether a claim that a zoning ordinance unconstitutionally excludes a lawful use is properly analyzed without regard to whether a demonstrated need for the use exists, as suggested by the Court of Appeals' reliance on *Kropf v Sterling Hts*, 391 Mich 139, 155-156 (1974), or whether the enactment of 1978 PA 637, MCL 125.297a (now recodified in nearly identical language as MCL 125.3207), superseded the analysis of *Kropf* on which the majority relied; and (5) whether the trial court abused its discretion in awarding the plaintiffs their costs and expert witness fees.

The motion for leave to file brief amicus curiae is granted. The Real Property Law Section of the State Bar of Michigan and the Michigan Townships Association are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae. Court of Appeals Nos. 270594 and 275469.

*Summary Disposition April 29, 2009:*

ORCHARD ESTATES OF TROY CONDOMINIUM ASSOCIATION, INC v DAWOOD, No. 137974. Pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we affirm the Court of Appeals conclusion, under the provisions of the master deed and the restrictive covenants in this case, that neither the bylaws nor the restrictive covenants were binding on the defendants, because they were unrecorded. We vacate the Court of Appeals majority's analysis of the Michigan Condominium Act, MCL 559.101 *et seq.*, because it is unnecessary to the decision in this case. In all other respects, leave to appeal is denied, because we are not persuaded that the remaining questions presented should be reviewed by this Court. Court of Appeals No. 278514.